Jon V. Harper (#1378)
**HARPER LAW, PLC**
P.O. Box 581468
Salt Lake City, UT 84158
Tel:  (801) 910-4357
jharper@jonharperlaw.com

**[Additional counsel on signature pages]**
Attorneys for Lead Plaintiff Yedid Lawi

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE POLARITYTE, INC. SECURITIES LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br>All Actions | Master File No. 2:18-cv-510-JNP<br>(Consolidated with 2:18-cv-514-DB)<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF LEAD PLAINTIFF YEDID LAWI FOR APPROVAL OF LEAD AND LIAISON COUNSEL**<br><br>District Judge Jill Parrish |

Pursuant to the Court's Order entered January 16, 2019 (Dkt. No. 35), Lead Plaintiff Yedid Lawi ("Lead Plaintiff" or "Lawi") respectfully submits this memorandum of law in further support of his motion for appointment of Lead and Liaison Counsel for the putative Class in this action (the "Consolidated Action").

## PRELIMINARY STATEMENT

On August 27, 2018, Lawi moved this Court, pursuant to the PSLRA[1] and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (i) consolidating the then-pending Related Actions against PolarityTE; (ii) appointing Lawi as Lead Plaintiff on behalf of all

---

[1] All capitalized terms herein are defined in Lawi's moving brief, unless otherwise indicated. *See* Dkt. No. 26.

persons and entities that purchased or otherwise acquired PolarityTE securities during the Class Period; and (iii) approving Lawi's selection of the Pomerantz and Holzer firms as Co-Lead Counsel and Harper Law as Liaison Counsel for the Class.  Dkt. No. 26.

On November 28, 2018, the Court granted Lawi's motion to consolidate the Related Actions.  Dkt. No. 32.

On January 16, 2019, the Court entered an Order (i) granting Lawi's motion for appointment as Lead Plaintiff, and (ii) requesting supplemental briefing with respect to Lead Plaintiff motion for appointment of counsel.  Dkt. No. 35.  Specifically, the Court "order[ed] Lawi to file supplemental briefing on the issue of the necessity of multiple counsel." *Id.* at 9.

For the reasons set forth herein:

(i)     Lead Plaintiff withdraws his nomination of Holzer and designates Pomerantz as his sole choice of Lead Counsel for the Class.  However, to the extent that the Court's Order appointing Lead Counsel in the Consolidated Action ultimately permits Pomerantz to designate additional counsel to perform work, then Lead Plaintiff anticipates instructing Pomerantz to work with Holzer to communicate with Lead Plaintiff concerning the Consolidated Action and all progress and significant developments therein.

(ii)    Lead Plaintiff respectfully submits that the involvement of Liaison Counsel with extensive experience litigating in the District of Utah will benefit the Class, and that Harper Law is well qualified to serve in that capacity.  If the Court is not inclined to appoint Liaison Counsel, Lead Plaintiff respectfully submits that: (a) Pomerantz is capable of prosecuting this action independently; but (b) if the Court's Order

appointing Lead Counsel in this action ultimately permits Pomerantz to designate additional counsel to perform work in this Action, then Lead Plaintiff anticipates instructing Pomerantz to work with Harper Law to the extent necessary to fulfill Lead Plaintiff's obligation to the Class to ensure that counsel prosecutes this action in a cost-effective manner.

## LEAD COUNSEL FOR THE CLASS

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  *See also See In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Having duly reviewed and considered the Court's Order, Lead Plaintiff hereby withdraws his nomination of Holzer as Co-Lead Counsel and designates Pomerantz as his sole choice for Lead Counsel in the Consolidated Action.  However, to the extent that the Court ultimately enters an Order appointing Pomerantz as Lead Counsel in the Consolidated Action and permitting Lead Counsel to designate additional counsel to perform work, then Lead Plaintiff anticipates instructing Pomerantz to work with Holzer to communicate with Lead Plaintiff concerning the Consolidated Action and all progress and significant developments therein.

## LIAISON COUNSEL FOR THE CLASS

Courts in this Judicial District and the Tenth Circuit routinely appoint Liaison Counsel (also referred to as "local counsel") in securities class action litigations.  *See*, *e.g.*, *Kapur v. USANA Health Sciences, Inc.*, No. 2:07CV177DAK, 2007 U.S. Dist. LEXIS 77258, at *12-*13 (D. Utah Oct. 17, 2007) (appointing lead plaintiff and "approving of her selection of . . . Lead

Counsel and . . . associated local counsel."); *In re NPS Pharms., Inc.*, 2:06-cv-00570-PGC-PMW, 2006 U.S. Dist. LEXIS 87231, at *14 (D. Utah Nov. 17, 2006) (appointing lead plaintiff, lead counsel, and liaison counsel); *Ellis v. Spectranetics Corp.*, No. 15-cv-01857-KLM, 2015 U.S. Dist. LEXIS 169498, at *7 (D. Colo. Dec. 18, 2015) (appointing lead plaintiff and approving selections of co-lead and liaison counsel).

Harper Law is well qualified to serve as Liaison Counsel in this Action.  As its firm resume reflects, Harper Law is a litigation firm located in Salt Lake City, Utah, and a significant portion of the firm's matters are class actions and other complex litigations.  *See* Dkt. No. 26-7. Its attorneys are experienced litigators and have extensive familiarity with the Local Civil Rules of this Judicial District.  *Id.*  Considering Harper Law's significant experience and relevant expertise, Lead Plaintiff respectfully submits that Harper Law and Pomerantz are capable of working together to prosecute this Action without incurring unnecessary expenses or undertaking duplicative efforts.

If the Court is disinclined to appoint Liaison Counsel in this action, Lead Plaintiff respectfully submits that Pomerantz is well qualified to prosecute this action independently, without the need to designate any firm as Liaison Counsel.  However, Lead Plaintiff has an obligation pursuant to the PSLRA to monitor counsel's work and to direct them to prosecute this action in an efficient, cost-effective manner while obtaining the best result for the Class.  Being mindful of that obligation, Lead Plaintiff believes that the Class's interests would be well served by the involvement of counsel with significant experience litigating securities class actions in the District of Utah, and that Harper Law is well qualified to work with Pomerantz in that capacity. Accordingly, if the Court's Order appointing Lead Counsel in this action ultimately permits

Pomerantz to designate additional counsel to perform work in the Consolidated Action, then Lead Plaintiff anticipates that he will instruct Pomerantz to work with Harper Law to the extent necessary to advance the interests of the Class in a cost-effective manner, including, *inter alia*, consultation with Harper Law with respect to local procedural and administrative matters.

## <u>CONCLUSION</u>

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court enter an Order approving its selections of Pomerantz as Lead Counsel and Harper Law as Liaison Counsel for the Class.

Dated:  January 25, 2019                    Respectfully submitted,


*/s/ Jon V. Harper*
Jon V. Harper
**HARPER LAW, PLC**
P.O. Box 581468
Salt Lake City, Utah 84158
Telephone:  (801) 910-4357
Email:  jharper@jonharperlaw.co

*Counsel for Yedid Lawi and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
           ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Yedid Lawi and*
*Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January 2019, a true and correct copy of the foregoing document was served electronically by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Jon V. Harper*
Jon V. Harper