# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE POLARITYE, INC. SECURITIES LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br>All Actions | **ORDER GRANTING LAWI'S MOTION TO APPOINT LEAD AND LIAISON COUNSEL**<br><br>Master File No. 2:18-cv-510-JNP<br>(Consolidated with 2:18-cv-514-DB)<br><br>District Judge Jill Parrish |

This matter is before the court on the Motion of Yedid Lawi ("Lawi") for Approval of Lead Counsel and the Memorandum of Law in Further Support of Motion of Lead Plaintiff Yedid Lawi for Approval of Lead and Liaison Counsel ("Supplemental Memorandum").

The court appointed Lawi lead plaintiff in this action on January 16, 2019 pursuant to 21D(a)(3)(B) of the PLSRA, 15 U.S.C. § 77-1(a)(3)(B). As lead plaintiff in a securities class action, pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), Lawi "shall, subject to the approval of the court, select and retain counsel to represent the class." Initially Lawi moved the court to approve two firms, Pomerantz LLP ("Pomerantz") and Holzer & Holzer, LLC ("Holzer") to serve as "co-lead counsel," and a third firm, Harper Law, to serve as "liaison counsel." The court reserved ruling on the motion to approve counsel pending supplemental briefing from Lead Plaintiff.

1. **Lead Counsel**

In the Supplemental Memorandum filed on January 25, 2019, Lawi withdrew his nomination of Holzer and asked the court to appoint Pomerantz as Lead Counsel and Harper as Liaison Counsel. In the court's order of January 16, 2019, the court found that Pomerantz was

qualified to serve as lead counsel and the court now **GRANTS** Lawi's motion to approve Pomerantz as lead counsel in this matter.[1]

2. **Liaison Counsel**

In Lawi's Supplemental Memorandum, Lawi again asks the court to appoint Harper Law as Liaison Counsel. In support, Lawi cites other cases in this district where the court has approved Liaison Counsel. Lawi additionally argues that the Class's interests would be best "served by the involvement of counsel with significant experience litigating securities class actions in the District of Utah." To the extent the role of liaison counsel is to fulfill the role of local counsel required by the District of Utah Local Rules, the court finds that liaison counsel is appropriate. As the court has already found that Harper Law is qualified to serve as counsel in this case, the court hereby **GRANTS** Lawi's motion to approve Harper Law as liaison counsel.

# ORDER

1. Lead Plaintiff's selection of counsel is approved pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 77-1(a)(3)(B)(v). Pomerantz LLP is appointed as lead counsel, and Harper Law is appointed as liaison (local) counsel for the proposed class in the consolidated action.

2. Lead Plaintiff shall file and serve a Consolidated Complaint no later than sixty (60) days after the date of this order;

---

[1] Lawi's Supplemental Memorandum withdrew Lawi's nomination of Holzer, but asked the court to approve Pomerantz delegating work in this matter to Holzer. The court declines to authorize any such delegation absent prior approval. If Pomerantz foresees being unable to handle the litigation, Pomerantz should not be appointed as lead counsel in this manner.

3. Defendants have sixty days after filing and service of the Consolidated Complaint to answer or otherwise respond to the Consolidated Complaint; AND

4. Within 90 days of service of the Consolidated Complaint, Lawi must file a motion for class certification pursuant to DUCivR 23-1(d).

**SIGNED** February 1, 2019

BY THE COURT:

JILL N. PARRISH
United States District Judge